NO. 07-08-0516-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2009
______________________________

CURTIS LEE SMITH,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. B17591-0803; HON. EDWARD LEE SELF, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant appeals from his conviction for possession of a controlled substance. 
Neither the clerk’s record nor the reporter’s record have been filed. Extension motions
were filed by the clerk and court reporter on February 9, 2009. Movants represented that
appellant has not submitted a request for the clerk’s or reporter’s record and has not paid
or made arrangements to pay for the clerk’s record.
          Accordingly, we abate this appeal and remand the cause to the 242nd District Court
of Hale County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:
          1. whether appellant desires to prosecute the appeal; 
 2. whether appellant is indigent; and, 
3. whether the appellant is entitled to a free appellate record due to his
indigency. 

          The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter’s record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental records and reporter’s records transcribing the hearing with the clerk of this
court on or before March 16, 2009. Should further time be needed by the trial court to
perform these tasks, then same must be requested before March 16, 2009.
          It is so ordered.
                                                                           Per Curiam
Do not publish.



esponse, Rubins filed a motion for extension of time in which to
pay the filing fee or, in lieu thereof, file an affidavit of indigence. The motion was granted
to May 25, 2009,


 with a detailed explanation of the procedures and deadlines for either
filing an affidavit of indigence or paying the filing fee. See Tex. R. App. P. 10.5(b),
20.1(c)(1) & (3). Rubins was also admonished that failure to either pay the required filing
fee of $175 or file a compliant affidavit of indigence accompanied by a motion for extension
of time might result in dismissal of this appeal. Tex. R. App. P. 42.3(c). Rubins did not
respond to this Court’s notice. Neither did he pay the required filing fee or file an affidavit
of indigence.
          In response to a motion for extension of time in which to file the clerk’s record for
nonpayment, this Court abated the request pending Rubins’s compliance with the Court’s
directive. Rubins’s failure to comply with the Court’s directive renders the clerk’s request
for an extension of time moot.
          Accordingly, the appeal is dismissed for failure to comply with an order of this Court. 
Tex. R. App. P. 42.3(c).
                                                                           Patrick A. Pirtle

                                                                                 Justice